**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4826**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

FERNANDO ANTONIO LEYVA-RODRIGUEZ, a/k/a Chino, a/k/a
Fernando Medina Nevares, a/k/a Juan Reyes,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.   Terrence W. Boyle,
District Judge. (5:10-cr-00390-BO-2)

Submitted: April 20, 2012        Decided: May 31, 2012

Before NIEMEYER, KEENAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

C. Burell Shella, C. BURELL SHELLA, PC, Durham, North Carolina,
for Appellant.   Thomas G. Walker, United States Attorney,
Jennifer P. May-Parker, Kristine L. Fritz, Assistant United
States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Fernando Antonio Leyva-Rodriguez pled guilty to one count each of conspiracy to distribute and posses with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 846 (2006), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C.A. § 924(c) (West 2000 & Supp. 2011), and was sentenced to a total term of 147 months in prison. Leyva-Rodriguez's sole assertion on appeal is that his attorney provided him with ineffective assistance of counsel when he failed to object to the absence of a Spanish interpreter during Leyva-Rodriguez's Fed. R. Crim. P. 11 hearing. We affirm.

To prevail on a claim of ineffective assistance of counsel, Leyva-Rodriguez must satisfy both parts of the two-part test set forth in Strickland v. Washington, 466 U.S. 668 (1984). Richardson v. Branker, 668 F.3d 128, 139 (4th Cir. 2012). First, Leyva-Rodriguez must show that "counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 687–88. "In making this determination, a court . . . must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Richardson, 668 F.3d at 139 (internal quotation marks and citations omitted).

"If counsel's performance is found to have been deficient under the first part of the Strickland standard, to obtain relief the petitioner must also show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. (internal quotation marks and citations omitted). "A reasonable probability is a probability sufficient to undermine confidence in the outcome and the likelihood of a different result must be substantial, not just conceivable[.]" Id. at 139-40 (internal quotation marks, italics and citations omitted).

Ineffective assistance of counsel claims are not generally cognizable on direct appeal, however, unless ineffective assistance "conclusively appears" on the record. See United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006). Rather, such a claim should generally be raised by a habeas corpus motion under 28 U.S.C.A. § 2255 (West Supp. 2011). See United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999). After review of the record, we find no conclusive evidence that counsel rendered ineffective assistance, and we accordingly decline to consider this claim on direct appeal. We of course intimate no view as to the validity or lack of validity of any ineffective assistance claim.

Based on the foregoing, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED